# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| AZIM WALEED EPPS, | : | CIVIL ACTION NO. |
| BOP Reg. # 57799-019, | : | 2:12-CV-13-RWS-JCF |
|    Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:06-CR-28-RWS-JCF-1 |
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|    Respondent. | : | 28 U.S.C. § 2255 |

## **ORDER**

Movant, a federal prisoner, seeks relief in this Court via a motion to vacate his sentence under 28 U.S.C. § 2255. (Doc. 94). Now before the Court are the Magistrate Judge's Final Report and Recommendation ("Report") (Doc. 106) and Movant's objections to the Report (Doc. 108). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a *de novo* review of those portions of the Report to which Petitioner objects, and has reviewed the remainder of the Report for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Movant raises several claims in his § 2255 motion, but he objects to the Report only on the following two bases: (1) he was denied merits review of his Fourth Amendment claim under *Arizona v. Gant*, 556 U.S. 332 (2009), (Doc. 108 at 2-6),

and (2) the trial court, and his trial and appellate attorneys, failed to vindicate his rights under *Batson v. Kentucky*, 476 U.S. 79 (1986), (Doc. 108 at 7-12).

However, Movant's appellate counsel argued his Fourth Amendment claim on the basis of *Gant*, whose holding Movant nevertheless contends represents an intervening change in the law, entitling him to another bite at the Fourth Amendment apple. The Magistrate Judge rejected this contention, and rightly so. (*See* Report at 14-15). "[W]here there has been no intervening change in controlling law, a claim or issue that was decided against a defendant on direct appeal may not be the basis for relief in a § 2255 proceeding." *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012). "The question, then, is whether the Supreme Court's . . . decision [at issue] is a change in the . . . law that [controlled] at the time of [Movant's] sentencing and at the time [the appellate court] affirmed his sentence." *Id.* at 684-85. *Gant* was decided even before Movant was sentenced, and therefore before his appeal. Thus, *Gant* cannot represent a change in the law that governed Movant's Fourth Amendment claim at the time his convictions became final on direct appeal.

Moreover, Movant miscontrues the relevance of *Gant*, which limits the scope of the search of an arrestee's vehicle after he has been secured and can no longer obtain a weapon from within its confines unless, in the alternative, "it is reasonable

to believe that evidence of the offense of arrest might be found in the vehicle." *See Gant*, 556 U.S. at 335.  In *Gant*, the search of the defendant's vehicle, after he had been arrested for driving without a valid license and secured in a patrol car, uncovered drugs that otherwise were not within plain view of authorities.  This discovery led to the defendant's conviction on drug charges, the reversal of which the Supreme Court upheld.  *Id.* at 335-37.

Here, on the other hand, the search at issue did not produce contraband hidden within Movant's vehicle, but rather the contents of a pillowcase that was within plain view of the police as Movant fled the scene of a bank robbery.  Moreover, the Eleventh Circuit ruled that Movant had no expectation of privacy in the pillowcase, i.e., no grounds for objecting to the search of its contents.  The Eleventh Circuit also ruled that Movant lacked grounds for objecting to the seizure of his person, which preceded the search of the pillowcase and was incident to his lawful arrest based on probable cause to believe that he had assaulted a police officer by pointing a weapon at him.  (*See* Report at 3-5).  Movant's first objection is overruled.

Movant's remaining objection is also unavailing.  According to Movant, he "is simply arguing that [his] Appellate attorney did not brief or argue that the *Batson* third-step was not completed by the trial judge where all relevant circumstances that

3

[bear] on the justifications given by the prosecutor [were] not credited with being truthful or the real reason for the prosecutor's peremptory strikes." (Doc. 108 at 8). In short, Movant contends that this Court failed to complete the final step of the *Batson* three-step analysis, i.e., to evaluate the prosecutor's allegedly race-neutral reasons for striking the only African-American member of the jury pool, and that his appellate counsel did not argue that failure as a reason to overturn Movant's convictions. "Movant contends, once again, that if the third step was completed, the unpersuasiveness of the prosecutor's race neutral reasons would have been evident." (*Id.* at 10).

The Court has reviewed the Magistrate Judge's assessment of this claim and finds no error in the ultimate conclusion that although the Court's analysis during the third step of the *Batson* inquiry was somewhat cursory, it was sufficient to pass constitutional scrutiny. (*See* Report at 15-26). Movant has yet to provide any evidence that a member of the jury pool with problems remotely comparable to those of the African-American venireman at issue was seated on the petit jury. In other words, he has failed to carry his burden of establishing that the government's peremptory strike was racially motivated. *See Purkett v. Elem*, 514 U.S. 765, 768

4

(1995) (noting that "the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike").

Accordingly, the Court finds no error, plain or otherwise, in the Magistrate Judge's Report and Recommendation. The Court **OVERRULES** Petitioner's objections to the Report (Doc. 108); **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 106) as the Order of this Court; **DENIES** Movant's motion to vacate his sentence (Doc. 94); and **DENIES** Movant a certificate of appealability.

**IT IS SO ORDERED** this __10th__ day of April, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE